UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

GRASS LAKE COMMUNITY SCHOOLS,

    Defendant.

Case No.:

Hon.

---

David A. Nacht (P47034)
Fabiola A. Galguera (P84212)
Adam M. Dreher (P79246)
**NACHTLAW, P.C.**
*Attorneys for Plaintiff*
501 Avis Drive, Suite 3
Ann Arbor, Michigan 48108
(734) 663-7550
dnacht@nachtlaw.com
fgalguera@nachtlaw.com
adreher@nachtlaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Jane Doe ("Plaintiff"), by and through her attorneys, NACHTLAW, P.C., and brings his Complaint as follows:

## INTRODUCTION

1. Plaintiff Jane Doe ("Plaintiff") brings this civil rights action against Defendant to remedy discrimination and retaliation in violation of the First and

1

Fourteenth Amendments to the U.S. Constitution, 29 U.S.C. § 3248, and Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2102, *et seq.* ("ELCRA").

2. During Plaintiff's time as a student at Defendant, her mother ran a conservative, Christian-based campaign to be elected to Defendant's school board.

3. Plaintiff regularly associated with her mother and supported her mother's conservative, Christian-based campaign.

4. Unfortunately, Plaintiff's mother's speech and religious practices became the basis for her harassment.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a minor individual residing in Grass Lake, Jackson County, Michigan.

6. Defendant is a Michigan public school district located in Grass Lake, Jackson County, Michigan.

7. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 (federal question), as this is an action arising under the laws of the United States, particularly the First and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 1343(a)(3) (jurisdiction over deprivation of Constitutional rights claims), and 42 U.S.C. § 1983 (deprivation of Plaintiff's rights under the United States Constitution under color of state law).

8. This Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. 2201 and 2202 and Fed. R. Civ. P. 57 and 65.

9. Finally, this Court has supplemental jurisdiction over the state claim pled herein pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as all parties are located within the Eastern District of Michigan and the events described in this lawsuit took place primarily in the Eastern District of Michigan.

## FACTUAL BACKGROUND

11. Plaintiff was just five years old when she began attending school in the Defendant district as preschooler in Fall 2020.

12. At this point, Plaintiff's parents, Mr. Father Doe and Mrs. Mother Doe, did not attend school board meetings.

13. Mr. and Mrs. Doe's political and religious values had not been disclosed to Defendant at this time.

14. By Fall 2021, Mrs. Doe began regularly attending school board meetings.

15. During school board meetings in Fall 2021, Mrs. Doe generally sat in the back of the room and listened to others speak.

16. Mrs. Doe merely took notes and did not express her own political and religious views during these school board meetings in Fall 2021.

17. In November of 2022, Mrs. Doe filed to run for the school board.

18. Mrs. Doe was not elected to the school board in Fall 2022.

19. In April 2024, Mrs. Doe ran for school board again.

20. At this point, Plaintiff was in the second grade.

21. This time, unlike before, Mrs. Doe utilized several flyers, door-to-door contact strategies, a public website, etc. to promote a conservative, Christian-based campaign.

22. Immediately, Mrs. Doe faced criticism for her political and religious views in the political arena.

23. Mr. and Mrs. Doe were anonymously harassed for months.

24. Plaintiff was born into the Christian faith.

25. Occasionally, Plaintiff shared her Christian, conservative beliefs in school.

26. Plaintiff also attended several of Mrs. Doe's conservative, Christian-based campaign events.

27. Defendant and its representatives knew of Mrs. Doe's conservative, Christian-based campaign and the fact that Mrs. Doe was Plaintiff's mother.

28. In October 2024, Defendant held a Halloween-themed event on its campus.

29. Mrs. Doe took both of her children, including Plaintiff, to this Halloween event on Defendant's campus.

30. During the Halloween 2024 event, there was a costume contest with prizes for cutest, scariest, and most creative costumes.

31. Plaintiff, who was dressed as a cowgirl, entered the cutest category.

32. Plaintiff held a sign that said "#cutest" while the voters, including school board members Kyle McClure, Janey Bisard and Amy Humbarger, evaluated her costume.

33. McClure, Bisard, and Humbarger did not select Plaintiff as the winner of the "cutest costume" prize.

34. As Plaintiff walked away from the voting area, she placed her obsolete "#cutest" sign in the trash can.

35. Thereafter, McClure took Plaintiff's "#cutest" sign out of the trash can, walked over to the other school board members, and mocked Plaintiff's entry into the costume competition.

36. There were at least 100 people at the event who witnessed and laughed at McClure's mockery of Plaintiff, including Bisard and Humbarger.

37. Plaintiff was humiliated, so she cried and ran away.

5

38. Mrs. Doe tried to console an embarrassed Plaintiff; however, Plaintiff was still distraught, asking her mother: "Why is an adult making fun of me?"

39. Mrs. Doe then sought her husband's support by calling him and requesting his presence at the event.

40. Soon thereafter, Mr. Doe arrived at the school.

41. Shortly thereafter, Humbarger said to Mr. Doe something to the effect of, "Aren't you getting sick of this pathetic campaign you're running? Aren't you sick of people slamming the door in your face?"

42. At this point, Mr. Doe reasonably believed that McClure's actions against Plaintiff were solely because of Mrs. Doe's conservative, Christian-based campaign.

43. That night, Mr. and Mrs. Doe complained about McClure's behavior.

44. Within a week, Mr. and Mrs. Doe demanded that Defendant investigate McClure's actions against Plaintiff until Defendant finally agreed to do so.

45. The investigation lasted from October 2024 until about December 2024.

46. Following this investigation, Defendant did not notify Plaintiff or her parents of its findings, nor did Defendant remove McClure from his position.

47. To this day, Defendant still allows McClure to volunteer at its campus.

6

48. Plaintiff, a now fourth grader, is traumatized and feels uncomfortable at school. She is now homeschooled by Mr. and Mrs. Doe.

49. Mr. and Mrs. Doe have repeatedly requested that McClure be removed from his position given Plaintiff's lack of comfort; however, Defendant has ignored these requests.

50. As a result of Plaintiff's bullying by a member of the school board responsible for her education, and Defendant's total failure to address this bullying despite the concerted efforts of Plaintiff's parents, Plaintiff was subjected to discriminatory and retaliatory conditions at school that were sufficient to alter the conditions of her educational environment.

51. This hostile educational environment resulted in profound impacts on Plaintiff's state of psychological well-being.

52. Defendant was deliberately indifferent to Plaintiff's bullying by McClure and the resulting hostile educational environment it created, despite the dogged efforts of Mr. and Mrs. Doe to have the situation addressed.

53. Defendant's deliberate indifference amounted to a district policy of inaction toward the bullying and harassment of students associated with religious and/or political viewpoints disfavored by school board members.

54. As a direct and proximate result of this deliberate indifference by Defendant, Plaintiff suffered the violation of her rights under federal and state law, as follows:

## COUNT I
**Retaliation in Violation of the First Amendment to the U.S. Constitution**
**42 U.S.C. § 1983**

55. Plaintiff incorporates the preceding allegations as if fully restated herein.

56. As incorporated by the Fourteenth Amendment, the First Amendment protects an individual from having his constitutionally protected free speech rights infringed upon by governmental agencies. *Banks v. Wolfe County Bd. of Education*, 330 F.3d 888, 892 (6th Cir. 2003).

57. The First Amendment, further, disallows retaliation against an individual who has exercised his free speech rights. *Id*.

58. Plaintiff's parents were engaged in constitutionally protected conduct when promoting Mrs. Doe's conservative, Christian based school board election campaign.

59. The First Amendment is violated where the speech that invoked the government's retaliatory response was not made by a plaintiff herself, but rather by a person in a close relationship with the plaintiff, including her parents. *Fannon v.*

*Patterson*, No. 3:13-cv-14, 2014 U.S. Dist. LEXIS 120899, at *11-13 (S.D. Ohio Aug. 29, 2014).

60. Plaintiff has maintained a close relationship with her parents, Mr. and Mrs. Doe.

61. An adverse action was taken against Plaintiff that would deter a person of ordinary firmness from continuing to engage in that constitutionally protected conduct.

62. Defendant, through its school board members Kyle McClure, Janey Bisard, and Amy Humbarger, retaliated against Plaintiff because of her mother Mrs. Doe's promotion of her conservative, Christian-based political campaign.

63. Had Plaintiff not openly disclosed her close, parental relationship with Mrs. Doe, McClure would not have teased her at the school event, in front of at least 100 people.

64. Although she is not ashamed of her faith or political views, when Mrs. Doe saw her child cry after being teased because of her conservative, Christian-based campaign, Mrs. Doe felt guilt-ridden.

65. Defendant's actions would have deterred a parent of ordinary firmness from continuing a politically conservative, Christian-based campaign.

66. Defendant's adverse action against Plaintiff was motivated at least in part by Mrs. Doe's conservative, Christian-based campaign—what Humbarger referred to as "pathetic" shortly after McClure teased Plaintiff.

67. 42 U.S.C. § 1983 protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by persons acting under the color of law.

68. Defendant's agents acted under color of law when they engaged in the conduct described herein, including, but not limited to, discriminating against and harassing Plaintiff based on her family's religious and political views and subjecting her to a hostile educational environment.

69. Defendant thereby violated Plaintiff's clearly established constitutional rights, of which any reasonable person in that position would have known.

70. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant damages, including, but not limited to, serious mental and emotional distress; humiliation and embarrassment; and loss of reputation.

## COUNT II
**Violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution**
**42 U.S.C. § 1983**

71. Plaintiff incorporates the preceding allegations as if fully restated herein.

72. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution provides that "no state shall… deny to any person within its jurisdiction the equal protection of the laws."

73. 42 U.S.C. § 1983 protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by persons acting under the color of law.

74. Defendant's agents acted under color of law when they engaged in the conduct described herein, including, but not limited to, discriminating against and harassing Plaintiff based on her family's religious and political views and subjecting her to a hostile educational environment.

75. Defendant thereby violated Plaintiff's clearly established constitutional rights, of which any reasonable person in that position would have known.

76. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant damages, including, but not limited to, serious mental and emotional distress; humiliation and embarrassment; and loss of reputation.

## COUNT III
**Violation of 29 U.S.C. § 3248**
**42 U.S.C. § 1983**

77. Plaintiff incorporates the preceding allegations as if fully restated herein.

78. 29 U.S.C. § 3248 provides, in relevant part, that "[n]o individual shall be excluded from participation in, denied the benefits of, [or] subjected to discrimination under" any program receiving federal funding "because of… religion… or political affiliation or belief."

79. Defendant receives federal funding for the provision of elementary, middle, and high school education.

80. 42 U.S.C. § 1983 protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by persons acting under the color of law.

81. Defendant's agents acted under color of law when they engaged in the conduct described herein, including, but not limited to, discriminating against and harassing Plaintiff based on her family's religious and political views.

82. As a result of their actions, Plaintiff was "excluded from participation in, denied the benefits of, [and] subjected to discrimination under" the federally-funded educational program she was enrolled in.

83. Defendant thereby violated Plaintiff's clearly established constitutional rights, of which any reasonable person in that position would have known.

84. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant damages, including, but not limited to, serious

mental and emotional distress; humiliation and embarrassment; and loss of reputation.

## COUNT IV
### Educational Discrimination in Violation of the ELCRA
### M.C.L. § 37.2201 *et seq*.

85. Plaintiff incorporates the preceding allegations as if fully restated herein.

86. M.C.L. § 37.2402(a) provides, in relevant part, that "[a]n educational institution shall not… [d]iscriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion."

87. "In other words, the plain and ordinary language of ELCRA explicitly states that an educational institution itself may not deny a student the full utilization of, or benefit from, the educational institution by allowing a hostile educational environment because of its own actions." *Doe v. Alpena Pub. Sch. Dist.*, No. 165441, 2024 Mich. LEXIS 1437, at *14-15 (July 29, 2024).

88. Bias against conservative Christians was a motivating factor behind Defendant's actions.

89. Defendant applied its policies and procedures in a manner that discriminated against Plaintiff on the basis of religion, causing her serious and unjustified damage.

90. Based on the foregoing, Plaintiff was subjected to religious discrimination in education in violation of ELCRA.

91. Defendant acted willfully.

92. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered significant damages, including, but not limited to, serious mental and emotional distress; humiliation and embarrassment; and loss of reputation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Find that Defendant discriminated and retaliated against Plaintiff in violation of the U.S. Constitution, 29 U.S.C. § 3248, and the ELCRA;

b. Enjoin Defendant against any further acts of discrimination or retaliation;

c. Award all damages to which Plaintiff is entitled under law and at equity, including compensatory damages, an award of attorneys' fees, costs, and other expenses of this litigation; and

d. Award Plaintiff all other relief as this Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff Jane Doe, by and through her attorneys, NACHTLAW, P.C., hereby demands a trial by jury of the issues in the above-captioned cause of action.

Respectfully submitted,

14

|  |  |
|---|---|
| | **NACHTLAW, P.C.** |
| | /s/ *David A. Nacht* |
| | David A. Nacht (P47034) |
| | Fabiola A. Galguera (P84212) |
| | Adam M. Dreher (P79246) |
| | *Attorneys for Plaintiff* |
| | dnacht@nachtlaw.com |
| | fgalguera@nachtlaw.com |
| Dated: November 24, 2025 | adreher@nachtlaw.com |