UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Doe,

                Plaintiff,        Case No. 25-13766

v.                                  Judith E. Levy
                                     United States District Judge

Grass Lake Community Schools,

                                     Mag. Judge Kimberly G. Altman

                Defendant.

_____/

**ORDER AND OPINION GRANTING PLAINTIFF'S EX PARTE MOTION FOR PROTECTIVE ORDER [4], VACATING ORDER TO SHOW CAUSE [3], AND ORDERING PLAINTIFF TO <u>NOMINATE A REPRESENTATIVE</u>**

Before the Court is Plaintiff's ex parte motion for protective order to proceed under a pseudonym (ECF No. 4) and Plaintiff's response to the Court's order to show cause (ECF No. 5.) Plaintiff Jane Doe, a minor, filed the complaint in this matter on November 24, 2025. (ECF No. 1.) The complaint was filed anonymously, with the Plaintiff using the pseudonym "Jane Doe." (*Id.*) Plaintiff sues Grass Lake Community Schools, alleging that Defendant violated Jane Doe's First and Fourteenth Amendments rights. (*See id.*)

## I. Ex Parte Motion for Protective Order to Proceed Under a Pseudonym (ECF No. 4)

A plaintiff may only proceed under a pseudonym by filing a motion for a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). "As a general matter, a complaint must state the names of all parties," but a court "may excuse plaintiffs from identifying themselves in certain circumstances." *Porter*, 370 F.3d at 560.

> Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

The Court finds that all of *Porter* factors weigh in favor of Plaintiff's anonymity. Plaintiff easily meets the first and fourth *Porter* factors. This suit challenges the actions of a public school and its employees, which are government actors. Further, this case concerns a child. Minor Doe is "not even 10 years old." (ECF No. 4, PageID.26.) Plaintiffs who are children

2

are especially vulnerable and courts routinely grant them "a heightened protection." *See Porter*, 370 F.3d at 561 (discussing the "special vulnerability" of the "very young children" in that case); *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Courts frequently grant protective orders to minors who challenge governmental conduct.").

The second and third *Porter* factor also weigh in favor of Plaintiff's anonymity. Plaintiff argues that "religion is perhaps the quintessentially private matter" and that "revelations about their personal beliefs and practices . . . invit[e] an opprobrium analogous to the infamy associated with criminal behavior." (ECF No. 4, PageID.26–27 (citing *Stegall*, 653 F.2d at 186).) According to the complaint, "Defendant, through school board members . . . retaliated against Plaintiff because of her mother['s] promotion of her conservative, Christian-based political campaign." (ECF No. 1, PageID.9.) Anonymity is reasonable considering these circumstances.

Finally, the Court finds that this protective order would not hinder Defendant's ability to litigate this case. *See Porter*, 370 F.3d at 561 (discussing the effect of anonymity on the defendant's ability to conduct

discovery and prepare for trial). Based on the allegations in the complaint, it is very likely that Defendant knows the identity of Jane Doe. The events described in the complaint occurred very recently, and the dates and descriptions of the investigation following the incident and other contact between the parties are identifying. *See Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 n.1 (S.D. Ohio Aug. 15, 2016) (determining that "[t]here is no question that the parties in this suit already know Jane's true identity" based on the circumstances).

Accordingly, Plaintiff's ex parte motion for protective order (ECF No. 4) is GRANTED.

## II. Order Vacating Order to Show Cause and Ordering Plaintiff to Nominate a Representative

On December 4, 2025, the Court ordered Plaintiff Jane Doe to show cause why this case should not be dismissed for lack of capacity to sue. (ECF No. 3.) Plaintiff responded on January 5, 2026. (ECF No. 5.) The appropriate action has been taken. Accordingly, the Court's order to show cause has been satisfied and is VACATED.

Federal Rule of Civil Procedure 17(b) and (c) govern a minor's capacity to sue in federal court. As set forth by Rule 17(c), a general

4

guardian, a committee, a conservator, or a like fiduciary may sue on behalf of a minor when the minor is represented. Fed. R. Civ. P. 17(c)(1). The Sixth Circuit has held that the capacity for a representative to sue on behalf of a minor "shall be determined by the law of the state in which the district court is held," as set forth by Rule 17(b). *Brimhall v. Simmons*, 338 F.2d 702, 706 (6th Cir. 1964); *see also Dwayne B. v. Granholm*, No. 06-13548, 2007 WL 1140920, at *2 (E.D. Mich. Apr. 17, 2007) ("Defendants correctly construe Federal Rules of Civil Procedure 17(b) and 17(c) and observe that the forum state's capacity rules govern who may bring suit in federal court when acting in a representative capacity.").

"A minor may sue and be sued as provided by MCR 2.201(E), which lays out the rules of representation and the procedure for appointing representatives for minors in court proceedings, including for minor plaintiffs." *Olin v. Mercy Health Hackley Campus*, 328 Mich. App. 337, 348 (2019). Michigan Court Rule 2.201(E), however, does not waive the requirement of appointing representation for a minor. "If a minor or incompetent person does not have a conservator to represent the person as plaintiff, the court *shall* appoint a competent and responsible person

5

to appear as next friend on his or her behalf." Mich. Ct. R. 2.201(E)(1)(b) (emphasis added).[1] If the minor is under 14 years, which is applicable here (*see* ECF No. 1, PageID.3), appointment of a representative must be made "on the nomination of the party . . . or . . . if a nomination is not made or approved within 21 days after service of process, on motion of the court or of a party." Mich. Ct. R. 2.201(E)(2)(a)(ii)–(iii).

While Plaintiff asserts that "it makes no practical difference whether a minor party obtains an appointment of a next friend before or after the filing of a complaint" (ECF No. 5, PageID.32), the Court still must "appoint a competent and responsible person to appear as next friend on [the minor's] behalf." *See* Mich. Ct. R. 2.201(E)(1)(b). As a result, the Court orders Plaintiff to nominate, in writing, by **February 20, 2026**, an appropriate representative to appear on behalf of minor Jane Doe, accompanied by a written consent of the person to be appointed. Mich. Ct. R. 2.201(E)(1)(b), (2)(a)(ii)–(iii).

IT IS SO ORDERED.

Dated: January 24, 2026     s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY

---

[1] "The word shall is ordinarily the language of command." *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) (quotation omitted); *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941 (6th Cir. 2021).

                                            United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2026.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager