## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jane Doe,

                       Plaintiff,

v.

Grass Lake Community Schools,

                       Defendant.

Case No. 25-13766

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE EXHIBIT 1 AS A MEDIA FILE UNDER SEAL [14]

Before the Court is Defendant's motion for leave to file Exhibit 1 of its motion for judgment on the pleadings as a media file under seal, which is described as "surveillance video footage from the October 18, 2024 Halloween party at George Long Elementary School that forms the basis of the present lawsuit." (ECF No. 14, PageID.125.) For the reasons set forth below, the motion is granted.

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d

299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Group* 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.,* 925 F.3d at 306 (citing *Brown & Williamson,* 710 F.2d at 1176).

As to the first factor—why the interests in nondisclosure are compelling—Defendant has set forth compelling reasons for nondisclosure. The video contains footage of minor students, and "redacting" or blurring the minor students' faces would disrupt the Court's ability to view relevant images. Additionally, there is little or no

2

interest to the public in viewing this video, which includes minor students. The seal is also no broader than necessary. Defendant only seeks to seal the exhibit itself, and not any other information regarding the exhibit or any other documents or orders. This request is narrowly tailored to cover only the sensitive information. Accordingly, Defendant has met the third *Shane Group* factor.

Defendant's motion to file Exhibit 1 as a media file under seal is GRANTED. The Court ORDERS Defendant to upload Exhibit 1 by **May 26, 2026**. Defendant must follow the procedures listed in R19(c) of the Eastern District of Michigan's Electronic Filing Policies and Procedures, including:

1. The media files must be submitted using the electronic portal called "Media File Upload" located in the Court's ECF system. The Clerk's Office will note on the docket its receipt of the exhibits.

2. The filing party must provide a timestamp citation for each instance where the exhibit is referenced in its corresponding papers.

3. All audible portions of the media file, if any, shall be transcribed and submitted in written form as an exhibit electronically filed in the usual manner.

3

4.      Because of storage limitations, the filing party must limit the size of the media file to the minimum necessary to support its position. The filing party may not upload any media files duplicative of those already filed. Instead, the filing party must include a timestamp citation in their papers referencing the previously uploaded exhibit.

5.      The filing party may not upload any media file that has proprietary security features or codecs requiring additional files, software, applications, or plug-ins to successfully view the file. Any files received that cannot be viewed by the Court will need to be reformatted and resubmitted.

6.      The filing party shall serve copies of the media files on opposing counsel in accordance with the applicable federal and local rules and file a certificate of service.

IT IS SO ORDERED.

Dated: May 20, 2026                    s/Judith E. Levy
       Ann Arbor, Michigan            JUDITH E. LEVY
                                      United States District Judge

4

5

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2026.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager